IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**TERRY C.,**[1]

                        Plaintiff,           Civ. No. 6:19-cv-00645-CL

      v.                                           **OPINION AND ORDER**

**ANDREW SAUL**, Acting
Commissioner of Social Security

                        Defendant.

_____

**CLARKE, Magistrate Judge:**

      Plaintiff Terry C. ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") decision denying her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act ("the Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For the reasons articulated below, the Commissioner's final decision is affirmed.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental parties in this case.

Page 1 – OPINION AND ORDER

## BACKGROUND

Born in 1957, Plaintiff was 59 years old when she applied filer her applications. Tr. 86. She completed high school and has past work experiences as a call center agent and as a checker/cashier. Tr. 307-08. Plaintiff alleged disability as of April 27, 2017 due to bipolar disorder, severe depression, anxiety, neuropathy, fibromyalgia, and PTSD. Tr. 307.

Plaintiff's claims for SSI and DIB were denied initially and upon reconsideration. Tr. 126-27, 182-83. She requested an administrative hearing, which was held on September 17, 2018 before an administrative law judge (ALJ). Tr. 51. In a written decision dated October 17, 2018, the ALJ denied Plaintiff's claims for benefits. Tr. 21-40. The Appeals Council denied Plaintiff's subsequent petition for review, rendering the ALJ's decision final. Tr. 1. This appeal followed.

## STANDARD OF REVIEW

A reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, a court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. Davis v. Heckler, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.920(a)(4), 416.1520(a)(4) (2012). The burden

of proof rests upon the claimant at steps one through four, and with the Commissioner at step five. Id.; Bustamante v. Massanari, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner must demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. §§ 404.920(a)(4)(v), 416.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. Id. If, however, the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. Id.; see also Bustamante, 262 F.3d at 953–54.

The ALJ performed the sequential analysis. At step one, the ALJ found that Plaintiff had not performed substantial gainful activity since her alleged onset date of April 27, 2017. Tr. 26. At step two, the ALJ found Plaintiff had the severe impairments of major depressive disorder, recurrent episode-severe; generalized anxiety disorder; PTSD without dissociative symptoms; history of alcohol use; bipolar disorder; and attention deficit hyperactivity disorder. Tr. 27.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled any listings in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 27. The ALJ next assessed Plaintiff's RFC and determined that she retained the capacity to perform a full range of work at all exertional levels with the following limitations: she can understand, remember, and carry out only simple, routine, repetitive tasks; and she can have only occasional contact with co-workers and the general public. Tr. 29.

At step four, the ALJ determined that Plaintiff was unable to perform any of her past relevant work as a call center agent or as a checker/cashier. Tr. 32. The ALJ then determined that Plaintiff could nevertheless perform jobs that exist in significant numbers in the national economy,

Page 3 – OPINION AND ORDER

including floor waxer, laundry worker, and inserting machine operator. Tr. 32-33. The ALJ therefore concluded that Plaintiff was not disabled. Tr. 33.

Plaintiff contends the Commissioner erred by (I) improperly evaluating the medical evidence; (II) rejecting Plaintiff's subjective symptom testimony; and (III) rejecting the lay witness testimony.

### I.     Medical Opinion Evidence

Plaintiff first argues that the ALJ improperly rejected the opinions of state agency consultative physicians Thomas Davenport, M.D., and William Backlund, M.D. "There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009). "Where a treating or examining physician's opinion is contradicted by another doctor, the '[ALJ] must determine credibility and resolve the conflict.'" Id. (citation omitted). "An ALJ may only reject a treating physician's contradicted opinions by providing 'specific and legitimate reasons that are supported by substantial evidence.'" Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014) (quoting Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008)).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Id. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that

fails to offer a substantive basis for his conclusion." Id. at 1012-13 (citing Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996)).

On December 12, 2014, Dr. Backlund evaluated Plaintiff's medical records and opined that she could perform "light" work with occasional postural activities. Tr. 79-80, 93-94. On April 16, 2015, Dr. Davenport evaluated Plaintiff's medical records and similarly concluded that Plaintiff was limited to a light RFC with some additional postural limitations. Tr. 107, 120. These evaluations were performed in connection with Plaintiff's prior application for benefits, which the Commissioner denied in April 2015. Plaintiff did not appeal the Commissioner's decision. Tr. 109.

The ALJ considered the medical evidence of record that were rendered after Plaintiff's alleged onset date. This evidence included the opinions of State agency medical consultants Ben Kessler, Psy.D., and Bill Hennings, Ph.D. Tr. 30. It also included the opinion of Susan Johnson, M.D., who opined that Plaintiff had "no functional limitations" due to "any physical impairment." Tr. 58-59, 172-74. The ALJ also considered the opinion of treating physician Layne Jorgensen, D.O. Plaintiff does not contest the ALJ's evaluation of any of the medical source opinions rendered after her alleged disability onset date.

The ALJ did not discuss the opinions of Drs. Davenport and Backlund because they were related to Plaintiff's prior claim for benefits. As such, these opinions were based on a review of Plaintiff's medical records that predated Plaintiff's alleged onset date by two years. The ALJ is only required to explain why "significant probative evidence" is rejected. Vincent ex rel. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984). In the Ninth Circuit, medical opinions that predate the relevant period are of limited relevance. Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1165 (9th Cir. 2008). Here, because consultative physicians Davenport and Backlund rendered opinions two years prior to Plaintiff's alleged onset date, they did not provide reliable

evidence of Plaintiff's functioning during the relevant period. On this record, the ALJ was not required to explain why she rejected these opinions in favor of more recent, probative medical evidence.

## II.     Subjective Symptom Testimony

Plaintiff next argues that the ALJ improperly rejected her subjective symptom testimony. The ALJ is required to provide specific, clear and convincing reasons for rejecting a claimant's testimony. Garrison v. Colvin, 759 F.3d 995, 1017 (9th Cir. 2014).

Plaintiff testified that she is completely disabled by her symptoms and limitations. She struggles to reason, make decisions, and communicate, and suffers from neuropathy in her feet. She also attested to difficulties with focus and concentration. Despite these impairments, Plaintiff testified that she is able to care for her stepfather, who is terminally ill. Tr. 29, 55-56. Plaintiff reported that she is her stepfather's primary caregiver, which involves tasks like putting out his medication daily and occasionally cooking meals. Tr. 55-56. Plaintiff is also able to perform household chores like cleaning and laundry. Tr. 332.

The ALJ rejected Plaintiff's testimony to the extent that it conflicted with the RFC and provided two legally sufficient reasons for doing so. First, the ALJ noted that Plaintiff did not leave her last job due to disability. The fact that a claimant stopped working for reasons other than her alleged symptoms is an appropriate factor to consider when evaluating a claimant's testimony. Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001). Here, Plaintiff reported to her treating physician Dr. Jorgensen that she left her last job because "it was too stressful" and she "just couldn't take it." Tr. 29, 542. When Plaintiff tried and failed to find other work, she surmised that she was having a hard time finding full time employment because of her "age and felony charge." Tr. 535. These facts suggest that Plaintiff stopped working because she was overwhelmed by a

particular job environment and failed to find alternative employment due to factors other than her allegedly disabling conditions. On this record, it was reasonable for the ALJ to assign less weight to Plaintiff's testimony that she was unable to work due to her symptoms. Bruton, 268 F.3d at 828.

Second, the ALJ found that Plaintiff's allegations of disabling impairments were incompatible with evidence of symptom improvement. Tr. 31. The effectiveness of medication and other treatment is a relevant factor to consider in evaluating the severity of a claimant's symptoms. 20 C.F.R. § 416.929(c)(3). Here, Plaintiff reported that Gabapentin was "helping" her symptoms. Tr. 31, 634. She also reported that Depakote was reducing her agitation and mania and that she was very pleased with her progress on medication overall. Tr. 31, 693. Treating physician Dr. Jorgensen noted that Plaintiff's symptoms remained "stable" on medication. Tr. 693. On this record, the ALJ reasonably relied on evidence of stability and symptom improvement to discount Plaintiff's testimony. 20 C.F.R. § 416.929(c)(3).

The ALJ also determined that Plaintiff's activities contradicted her subjective symptom testimony. Tr. 29. While an ALJ may discount a claimant's subjective testimony when the claimant's everyday activities "contradict claims of a totally debilitating impairment," Molina v. Astrue, 674 F.3d 1104, 1112-13 (9th Cir. 2012), Plaintiff's documented activities here were minimal: cooking meals, doing laundry, giving out medications, and setting up appointments. These activities do not rise to a level of exertion that contradicts Plaintiff's testimony of mental and physical limitations; therefore, Plaintiff's activities did not constitute a clear and convincing reason to reject her testimony. However, because the ALJ provided two legally sufficient reasons for rejecting Plaintiff's testimony, the ALJ's reliance on this third reason was harmless because it did not affect her ultimate disability determination. The ALJ's rejection of Plaintiff's testimony was supported by substantial evidence.

**III.    Lay Witness Testimony**

Plaintiff argues, finally, that the ALJ improperly rejected the lay testimony of her friend Marsha Fullbright. Ms. Fullbright submitted a Third Party Function Report on May 29, 2017. Tr. 339-46. In her report, she wrote that over the last few years she has observed Plaintiff's condition deteriorate "considerably," and that Plaintiff struggles to reason, make decisions, and communicate. Tr. 340. Ms. Fullbright also indicated that Plaintiff was limited in standing and walking due to neuropathy in her feet, that she has difficulty with focus, impacted concentration, memory, understanding, and ability to follow instructions. Tr. 344.

The ALJ assigned "no weight" to Ms. Fullbright's report. Tr. 32. The ALJ may discount a lay witness opinion if she provides germane reasons for doing so. Dale v. Colvin, 823 F.3d 941, 943 (9th Cir. 2016). Here, Ms. Fullbright's testimony largely mirrored Plaintiff's subjective testimony regarding her symptoms and limitations. The ALJ may rely upon the same reasons for discounting a claimant's testimony when the lay witness has given similar testimony. Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009). Because the ALJ gave legally sufficient reasons for rejecting Plaintiff's testimony, and Ms. Fullbright's testimony was substantially similar to this testimony, the ALJ's rejection of the lay evidence was not error. Robbins, 466 F.3d at 893.

## CONCLUSION

For the reasons stated above, the Commissioner's final decision is AFFIRMED, under sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this __27__ day of January 2021.

_____
Mark Clarke
United States Magistrate Judge

Page 9 – OPINION AND ORDER